TRUSTEES OF PRESBYTERY OF NEW YORK v. WESTMINSTER
PRESBYTERIAN CHURCH OF WEST TWENTY–THIRD
STREET et al.

(Supreme Court, Appellate Division, First Department.   February 17, 1911.)

1. PLEADING (§ 230*)—SUPPLEMENTAL PLEADING.
    Under the Code there is no such pleading as an amended and supplemental pleading.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 230.*]

2. PLEADING (§ 251*)—AMENDMENTS—ALLOWANCE.
    The leave to amend a complaint granted by the court, sustaining a de-murrer to the complaint on the ground that it does not state facts to constitute a cause of action with leave to amend, warrants an amend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

852        127 NEW YORK SUPPLEMENT        · (Sup. Ct.

ment which merely amplifies the complaint by setting forth more fully the facts relating to the questions presented.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 251.*]

3. PLEADING (§ 276*)—SUPPLEMENTARY COMPLAINT—MOTION.

The court on motion for leave to serve a supplementary complaint need not pass on the question as to whether it will be of any avail to plaintiff, and ordinarily the merits will not be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 835; Dec. Dig. § 276.*]

4. RELIGIOUS SOCIETIES (§ 25*)—DISPOSITION OF PROPERTY—INJUNCTION.

Where an incorporated church of the Presbyterian denomination and its trustees have no right to sell the church property or to apply to the court for leave to sell without consent of the Presbytery, having ecclesiastical jurisdiction over the church, the Presbytery may enjoin the church and its trustees from prosecuting a proceeding for a sale of the church property and from instituting other like proceedings, independent of the question as to whether the Presbytery is entitled to have the premises conveyed to it.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 25.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by the Trustees of the Presbytery of New York against the Westminster Presbyterian Church of West Twenty-Third Street and others. From a final judgment (67 Misc. Rep. 317, 122 N. Y. Supp. 309) entered on an interlocutory judgment sustaining a demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, with leave to amend, of which plaintiff did not avail itself, plaintiff appeals, with notice in the appeal that it will bring up for review the interlocutory judgment, and an order denying a motion for leave to serve a supplementary as well as an amended complaint under the leave granted by the interlocutory judgment. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Henry W. Jessup & Rush Taggart, for appellant.
Charles M. Parsons, for respondents.

LAUGHLIN, J. The main questions involving the merits of this appeal are discussed and decided favorably to the appellant in Westminster Presbyterian Church of West Twenty-Third Street v. Trustees of Presbytery of New York (which was argued and will be decided herewith) 127 N. Y. Supp. 836.

The plaintiff is the incorporated governing body of the Presbytery for the boroughs of Manhattan and the Bronx in the city of Greater New York, of the Presbyterian Church in the United States of America, and it brings this action to enjoin the defendants from assigning or transferring the church property on West Twenty-Third street otherwise than as directed by the Presbytery, and to have the same assigned and conveyed to the plaintiff, subject to the direction of the Presbytery, and for further and other relief. The theory of the action evidently is that it was the duty of the defendants to sur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

render and to convey the premises to plaintiff on the dissolution of the church by the Presbytery, and that the aid of the court of equity is required to prevent the diversion of the property. It appears that by the law of the church a place of worship may neither be abandoned nor established without the consent of the Presbytery of this denominational church, and therefore there is a threatened diversion of the property.

All of the defendants, other than the church, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and two of the defendants separately demur on the ground that there is a defect of parties plaintiff and defendant, but with no specification as to who has been omitted; and another demurs on the ground of a defect of parties plaintiff, and the specification seems to indicate that the claim is that the Presbytery as an unincorporated body should be a party plaintiff. The demurrers were sustained on the theory that the plaintiff's only authority to take charge of the church property is under section 16 of the religious corporations law (Consol. Laws, c. 51), on the church becoming extinct; and that the dissolution of the church did not render it extinct; and that the defendants are still entitled to hold or to sell the property, and to use the proceeds for similar purposes. The individual defendants were trustees of the incorporated church at the time of its dissolution.

This court has frequently held that there is no such pleading known to the Code of Civil Procedure as an amended and supplemental pleading. The plaintiff had, under the leave granted by the interlocutory judgment, the right to serve an amended complaint, and it needed no leave of the court for that purpose. That would have warranted the amendments for which the plaintiff asked leave by the motion; for the amendments merely amplified the original complaint by setting forth more fully the law of the Presbyterian Church applicable to the questions presented. The facts which the plaintiff desires to allege by way of a supplementary pleading show the full extent of the adjudication of the Supreme Judicatory of the Church on the appeal from the resolution of the Presbytery dissolving the church and determining the right of the plaintiff to establish a new church to succeed the one which had been dissolved, and the action of the plaintiff declaring the church extinct and of the Presbytery in ratifying and approving the same.

Although the plaintiff's practice was irregular in asking leave to serve a pleading which is not authorized, yet, in view of the nature and importance of the litigation, we are of opinion that the court should have granted the plaintiff leave to serve the supplementary pleading, which is all the relief it needed, and which it would have been proper to allow.

On the motion for leave to serve the supplementary complaint, it is not necessary to pass on the question as to whether or not it will be of any avail to the plaintiff. Ordinarily the merits are not considered on such applications. If the action of the plaintiff in declaring the church extinct be essential to its right to a conveyance of the land, then it may well be that, although this action is in equity,

it cannot obtain that relief, since the resolution was adopted pending the action; and that therefore, in that view, its cause of action did not exist at the time of the commencement of the action. According to the opinion rendered on the other appeal, the defendants have no right to sell the property, or to apply to the court for leave to sell it. They did apply to the court for such relief without notice to the plaintiff. The plaintiff is therefore entitled to enjoin the defendants from prosecuting the proceeding for a sale of the property and from instituting other like proceedings, entirely aside from the question as to whether it will be entitled to have the premises conveyed to it. Moreover, the plaintiff will be entitled to have the material facts with respect to the dissolution of the church and the severance of the connection of its members, including the trustees therewith, adjudicated; and if, upon such adjudication in this action, it should be deemed that the court is without power to adjudge good title in the plaintiff, or to provide for a conveyance of the legal title to the plaintiff, then, in any event, the adjudication would become the basis for an application to the court pursuant to the provisions of section 16 of the religious corporations law, for the appointment of a trustee to convey the legal title to the premises to the plaintiff. It may be, in view of the decision about to be made, which necessarily withdraws the privilege accorded to plaintiff to amend its pleading, that it will be necessary for plaintiff to obtain leave to amend in order to present its case properly.

It follows from these views that the final and interlocutory judgment and order should be reversed, with costs, but with leave to the defendants to withdraw their demurrers and to answer on payment of costs of the appeal and of the demurrers, and plaintiff's motion, in so far as it was made for leave to serve a supplemental complaint, should be granted, without costs.

McLAUGHLIN, MILLER, and DOWLING, JJ., concur. INGRAHAM, P. J., dissents.